## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRYAN BOWERMASTER, and
MIRANDA R. BALOG, *individually
and on behalf of all others similarly
situated,*

          Case No.:

      **Plaintiffs,**

v.

SQUARETWO FINANCIAL CORPORATION,
*a foreign corporation,* CACH, LLC, *a foreign
limited liability company,* FEDERATED LAW
GROUP, PLLC, *a Florida professional limited
liability company,* and ANDREU, PALMA, &
ANDREU, P.L., *a Florida professional limited
liability company,*

      **JURY TRIAL
DEMAND**

      Defendants.

_____/

## CLASS ACTION COMPLAINT

**COME NOW**, Plaintiffs, BRYAN BOWERMASTER (hereinafter, "Plaintiff Bowermaster") and MIRANDA R. BALOG (hereinafter, "Plaintiff Balog") (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, individually and on behalf of all others similarly situated, and sue Defendants, SQUARETWO FINANCIAL CORPORATION (hereinafter, "Defendant Square Two"), CACH, LLC, (hereinafter, "Defendant CACH"), FEDERATED LAW GROUP, PLLC (hereinafter, "Defendant FLG"), and ANDREU, PALMA, & ANDREU, P.L. (hereinafter, "Defendant APA") (hereinafter collectively, "Defendants"). In support thereof, Plaintiffs allege:

## PRELIMINARY STATEMENT

1.    This is a class action brought pursuant to Rule 23, Federal Rules of Civil Procedure, against Defendants for their routine and systematic violations of the Fair Debt

Collection Practices Act, 15 United States Code, Section 1692, *et seq.* ("FDCPA"). Specifically, Defendants uniformly attempt to collect consumer debts via Debt Collection Complaints, as defined herein, throughout the state of Florida.  These Debt Collection Complaints are both a means to collect and convey information to Florida consumers regarding debts that Defendants attempt to collect from Plaintiffs and Class Members (as hereinafter defined) by improperly and illegally:

    a.     making false, deceptive, or misleading representations;

    b.     falsely representing the legal status and/or amount of a debt by both asserting an ability to collect an alleged debt that is based on an express, written agreement exclusively under an implied Account Stated theory, an equitable theory of recovery (i.e., Unjust Enrichment), or both;

    c.     falsely representing the legal status and/or amount of a debt by asserting a legal right to prospective contractual interest (e.g., "interest at the rate provided for in the account statements") due incident to the alleged debt at the time the Debt Collection Complaints were filed and served;

    d.     collecting a debt using false and/or deceptive means;

    e.     collecting a debt in an unfair or unconscionable means; and

    f.     attempting to collect an unauthorized amount (e.g., contractual or default interest) included within the debt.

In short, Defendants' actions unlawfully deceive and mislead consumers when attempting to collect debts through unfair or unconscionable means, by impermissibly increasing the

amount of debts due from already financially strapped Florida consumers without the lawful ability to do so, and by asserting as lawful theories of recovery in Debt Collection Complaints theories that Defendants may not recover on in the face of an express, written agreement that governs the relationships of Plaintiffs, Class Members and their original creditors.

## PARTIES, JURISDICTION & VENUE

2.      At all material times herein, Plaintiff Bowermaster was and is a resident of the state of Florida, living in Pinellas County.

3.      At all material times herein, Plaintiff Balog was and is a resident of the state of Florida, living in Pinellas County.

4.      The FDCPA violations at issue in this action occurred in Pinellas County, Florida, thereby conferring jurisdiction on the United States District Court for the Middle District of Florida, pursuant to 15 United States Code, Section 1692k(d), 28 United States Code, Section 1337.

5.      Venue in this District is proper because Plaintiffs reside here and because Defendants drafted, filed and served Debt Collection Complaints as defined herein on Plaintiffs and on other consumers in this District in an attempt to collect a consumer debt.

6.      This Court has personal jurisdiction over Defendants because Defendants filed Debt Collection Complaints in a state of Florida court, and served the Debt Collection Complaints on consumers residing in Pinellas County, Florida.

7.      Other putative Class Members throughout the state of Florida and Pinellas County were also served with the Debt Collection Complaints from Defendants.

8.      Defendant Square Two is a corporation existing under the laws of the state

3

of Delaware, headquartered in Denver, Colorado, that itself buys debts and, through its attorneys, employees, representatives, subsidiaries, and third-parties, including but not limited to, law firms like Defendant FLG and Defendant APA, regularly collect debts allegedly owed to another within Pinellas County, Florida, and throughout the state of Florida.

9.     Defendant CACH is a limited liability company existing under the laws of the state of Colorado, that itself buys debts and, through its employees, representatives and third-parties, including but not limited to, law firms like Defendant FLG and Defendant APA, regularly collect debts allegedly owed to another within Pinellas County, Florida, and throughout the state of Florida.

10.     Defendant FLG is a law firm and professional limited liability company existing under the laws of the state of Florida, with a primary business address in Palm Beach County, Florida that, itself and through its attorneys, employees and representatives, regularly collects debts allegedly owed to another within Pinellas County, Florida, and throughout the state of Florida.

11.     Defendant APA is a law firm and professional limited liability company existing under the laws of the state of Florida, with a primary business address in Dade County, Florida that, itself and through its attorneys, employees and representatives, regularly collects debts allegedly owed to another within Pinellas County, Florida, and throughout the state of Florida.

12.     Any and all necessary conditions precedent to the bringing of this action has either occurred or have been excused by the Defendants.

## REPRESENTATIVES' ALLEGATIONS

13.     Defendants are each a "debt collector," as that term is defined by the FDCPA, Section 1692a(6).

14.     Defendants each used interstate mail while engaging in a business the principal purpose of which is the collection of consumer debts allegedly due another.

15.     Defendants are also entities who regularly collect, or attempt to directly or indirectly collect, consumer debts that are owed or due, or are asserted to be owed or due, another.

16.     Plaintiffs are each a "consumer," as that term is defined by the FDCPA, Section 1692a(3).

17.     Defendants' conduct, namely the drafting and use of the Debt Collection Complaints, defined and complained of below, qualifies as "communication," as that term is defined by the FDCPA, Section 1692a(2).

18.     Defendants' conduct, namely the drafting and use of the Debt Collection Complaints, defined and complained of below, qualifies as a "representation" and/or "means" as those terms are used in the FDCPA, Sections 1692e and 1692g.

19.     Defendants acted by themselves, or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, attorneys, law firms, representatives, third-party vendors, and insurers.

20.     At all material times herein, Defendants attempted to collect debts, specifically alleged delinquent open-end credit card debts originally due first party creditors (at all times herein collectively, "Debt" or "Debts").

5

21.    At all material times herein, the Debts were consumer debts, obligations resulting from a transaction or transactions for goods or services and were incurred primarily for personal, household or family use.

22.    Prior to being assigned to Defendant Square Two and/or Defendant CACH, the Debts were credit card accounts governed by the Truth in Lending Act, 15 U.S.C., Sections 1601 *et seq.* and 1637 *et seq.* and 12 *C.F.R.* 225.5-225.16.

23.    On or before January 1, 2014, interest was charged on the Debts to consumers in the state of Florida at a rate other than the rate permitted by Florida Statutes, Section 687.12.

24.    Defendants routinely and systematically attempt to collect Debts from Plaintiffs and Class Members through the use of Debt Collection Complaints based upon, in whole or in part, a form or template and containing only an implied Account Stated or Unjust Enrichment cause of action, or both, which assert either: (a) the ability to collect a Debt originating from an express agreement or (b) the ability to include interest in the amount of the Debt based upon an interest rate provided for in periodic billing statements (herein, "Debt Collection Complaints").

25.    Every year, Defendant FLG and Defendant APA file many hundreds, if not thousands, of Debt Collection Complaints in counties throughout the state of Florida on behalf of Defendant Square Two and Defendant CACH.

26.    In the overwhelming majority of lawsuits in which Defendants have served Debt Collection Complaints, the underlying consumer defendant has failed to respond, resulting in default judgments against those defendant consumers. In such cases, there is little to no need for an attorney of Defendant FLG or Defendant APA to

review the legal theories of their case or the supporting documents needed to prevail in the case.

27.     On or about February 22, 2014, Defendants served Plaintiff Bowermaster with a Debt Collection Complaint in an attempt to collect a Debt.  The complaint was filed in the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No.: 13-2871-CO (hereinafter the "Bowermaster Debt Collection Complaint"). Attached hereto as **Composite Exhibit A** is a true and correct copy of the Bowermaster Debt Collection Complaint and its attached exhibits.

28.     On or after April 11, 2011, Plaintiff Bowermaster's final periodic billing statement was allegedly sent to Plaintiff Bowermaster, showing his charged off balance, $6,319.16 (hereinafter the "Charge-Off Statement," which is a part of Composite Exhibit A).

29.     The Bowermaster Debt Collection Complaint has only two counts: Count I - Unjust Enrichment and Count II - Account Stated.

30.     On or about December 18, 2014, Defendants served Plaintiff Balog with a Debt Collection Complaint in an attempt to collect a debt.  The complaint was filed in the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No.: 14-9181-SC (hereinafter the "Balog Debt Collection Complaint").  Attached hereto as **Composite Exhibit B** is a true and correct copy of the Balog Debt Collection Complaint and its attached exhibits.

31.     On or after March 25, 2013, Plaintiff Balog's final periodic billing statement was allegedly sent to Plaintiff Balog, showing her charged off balance,

$4,255.12 (hereinafter "Balog Charge-Off Statement," which is a part of Composite Exhibit B.

32.     At all times herein, Defendants' Balog Debt Collection Complaint has only two counts: Count I - Unjust Enrichment and Count II - Account Stated.

33.     On or beforethe filing of theAssignment of the Debts to Defendants SquareTwo and/or CACH,the Debts were charged off by the Debts' original creditors.

34.     On or before the assignment of the Debts to Defendants SquareTwo and/or CACH, Plaintiffs' original creditors knowingly and consciously ceased sending Plaintiffs their monthly periodic billing statements because they deemed the Debts uncollectable and therefore wanted to avoid the expense associated with sending such statements.

35.     On or before the assignment of the Debts to Defendants SquareTwo and/or CACH, Plaintiffs' original creditors knowingly and consciously relinquished their contractual rights, if any existed, to charge Plaintiffs interest on the Debts.

36.     At no time prior to the filing of this class action complaint did Defendants' Debt Collection Complaints assert a breach of contract count against Plaintiffs or Class Members.

37.     Plaintiff Bowermaster's alleged Debt is based upon the express terms and conditions of a written document, namely a cardmember agreement between Plaintiff Bowermaster and his original creditor, GE Money Bank.

38.     On or before April 11, 2011, Plaintiff Bowermaster's original creditor, GE Money Bank, charged Plaintiff Bowermaster interest at a rate higher than that permitted by Florida Statutes, Section Section 687.12, and did so pursuant to the express terms of the cardmember agreement.

39.     Plaintiff Balog's alleged Debt is based upon the express terms and conditions of a written document, namely a cardmember agreement between Plaintiff Balog and her original creditor, GE Capital Retail Bank.

40.     On or before March 25, 2013, Plaintiff Balog's original creditor, GE Capital Retail Bank, charged Plaintiff Balog interest at a rate higher than that permitted by Florida Statutes, Section Section 687.12, and did so pursuant to the express terms of the cardmember agreement.

41.     Defendants' Bowermaster Debt Collection Complaint asserts an entitlement and an ability to collect "interest at the rate provided for in the account statements," namely 26.99% for transactions occurring on or before May 26, 2010 and 29.99% for transactions occurring thereafter, post-charge off and pre-judgment, in its implied Account Stated count.

42.     The Debt which Defendants seek to collect through the Balog Debt Collection Complaint includes amounts charged as interest on the underlying indebtedness at a rate of 26.99% for purchases made prior to the Debt being charged off and at a rate of 14.90% thereafter. Defendants seek to collect interest at these rates in the Balog Debt Collection Complaint.

43.     Defendants filed their Debt Collection Complaints in an attempt to collect the Debts from Plaintiffs.

44.     Defendants' use of the Debt Collection Complaints and subsequent court filings in their efforts to collect the Debts violates multiple provisions of the FDCPA.

45.     By asserting an entitlement in the Bowermaster and Balog Debt Collection Complaints to the interest at a rate included in the account statements as part of the

9

Debts, Defendants used a false, deceptive, and misleading representation of the character, amount, or legal status of the Debts in violation of 15 United States Code, Section 1692e(2)(A).

46.     By representing their lawful ability to collect through a Florida court Debts that originated from an express agreement under only implied Account Stated and Unjust Enrichment theories, Defendants used a false, deceptive, and misleading representation of the character, amount, or legal status of the Debts in violation of 15 United States Code, Section 1692e(2)(A).

47.     By asserting an entitlement in the Bowermaster and Balog Debt Collection Complaints to the interest at a rate included in the account statements as part of the Debts that were allegedly due and owing, Defendants used a false representation or deceptive means to collect or attempt to collect the Bowermaster Debt in violation of 15 United States Code, Section 1692e and e(10).

48.     By representing their lawful ability to collect through a Florida court Debts that originated from an express agreement under only implied Account Stated and Unjust Enrichment theories, Defendants used a false representation or deceptive means to collect or attempt to collect the Debts in violation of 15 United States Code, Section 1692e and e(10).

49.     By attempting to collect in the Bowermaster and Balong Debt Collection Complaints "interest as included in the account statements" as part of the Debts, Defendants used an unfair or unconscionable means to collect the Debts in violation of 15 United States Code, Section 1692f.

50.     By representing their lawful ability to collect through a Florida court Debts that originated from an express agreement under only implied Account Stated and Unjust Enrichment theories, Defendants used an unfair or unconscionable means to collect the Debts in violation of 15 United States Code, Section 1692f.

51.     By attempting to collect in the Bowermaster and Balog Debt Collection Complaints "interest as included in the account statements" as part of the Debt, Defendants collected an unauthorized amount in violation of 15 United States Code, Section 1692f(1).

52.     By representing their lawful ability to collect through a Florida court Debts that originated from an express agreement under only implied Account Stated and Unjust Enrichment theories, Defendants collected an unauthorized amount—namely the entire Debts—in violation of 15 United States Code, Section 1692f(1).

53.     Plaintiffs each retained Leavengood, Dauval, Boyle, & Meyer, P.A. (hereinafter, "LeavenLaw") to deal with and defend the unlawful Debt Collection Complaints and subsequent court filings, and incurred out-of-pocket attorneys' fees and costs (i.e., actual damages) as a result.

54.     Plaintiffs have also retained LeavenLaw for the purpose of pursuing this class action against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

## CLASS ACTION ALLEGATIONS

11

55.     Pursuant to 23(a) and 23(b)(3), Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of themselves and all others similarly situated, constituting two classes, defined below as a "Class," and "Actual Damage Sub-Class."

56.     More specifically, Plaintiffs define the "Class" as follows:

> All consumer debtors upon whom Defendants served a "Debt Collection Complaint," in an attempt to collect a Debt through the Florida Courts within a one-year period of time prior to the filing of the original Complaint up through and including the present date (hereinafter, "Class Members" or "Class").

57.     Further, Plaintiffs define the "Actual Damage Sub-Class" of the Class as follows:

> All consumer debtors who were part of the Class, as defined in paragraph 56 above, and who incurred out-of-pocket expense, including but not limited to, attorneys' fees or costs, as a result of hiring an attorney to defend such Debt Collection Complaints within a one-year period of time prior to the filing of the original Complaint up through and including the present date (hereinafter, "Actual Damage Sub-Class Members" or "Actual Damage Sub-Class") (hereinafter collectively, together with the Class, collectively "Classes").

58.     Excluded from the Classes are all directors, officers, agents, and employees of Defendants and/or the courts to which this case may be assigned.

59.     All recipients of a Debt Collection Complaint or subsequent court filings in substantially the same form, namely the Class Members, are victims of the same improper and unlawful demands of Defendants.

60.     The number of potential Class Members and Actual Damage Sub-Class Members is undetermined at this time, but can readily be determined from Defendants' books and records.  In light of the number of consumer debts Defendants collect in the

state of Florida's Sixth Judicial Circuit alone, the Classes most likely consist of thousands of members.[1]

61.     The Debt Collection Complaints:

a.     use false, deceptive, and misleading representations and means in the collection of Plaintiffs' and Class Members' respective debts by representing the authority to debts that originated from an express agreement exclusively under an implied Account Stated and Unjust Enrichment theory and who attempt to collect interest as the rate included in the account statements (i.e., contractual interest) under an implied Account Stated theory from Plaintiffs and Class Members;

b.     deceive consumers and misrepresent the amount of debts owed;

c.     demand payment of an unauthorized amount;

d.     collect the debt through generally unfair or unconscionable means; and

e.     cause Plaintiffs and Actual Damage Sub-Class Members to incur and pay, in whole or in part, the unlawful and unauthorized interest or costs, sustain damage to their credit profile through reporting of improperly procured and unlawful judgments, as well as incur attorneys' fees or costs in defending the improper Debt Collection Complaints.

---

[1] A quick survey of Sixth Judicial Circuit filings in and for Pinellas and Pasco Counties, Florida, in the year prior to the filing of this lawsuit, indicates that Defendants have filed approximately 433 debt collection complaints on defaulted, purchased debt.  Given the State of Florida's sixty-seven (67) counties, Defendants' lack of proximity to the Tampa Bay area, the presence of three other major metropolitan areas (i.e., Orlando, Jacksonville, and Miami/Ft. Lauderdale), and Defendants systematic method of filing complaints to collect debt (e.g., Debt Collection Complaint), it is likely that the number of such debt collection complaints, with unlawful Court Filings, is in the thousands, if not tens of thousands.

62.     This action is properly brought as a class action under Rule 23, Federal Rules of Civil Procedure, for the following reasons:

a.      The Classes each consist of hundreds, if not thousands, of persons so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.      There are questions of law and fact common to all Class Members relating to Defendants' actions relative to the Debt Collection Complaints, which questions predominate over any question affecting only individual Class Members and Actual Damage Sub-Class Members, including:

i.      Whether Defendants' Debt Collection Complaints falsely represent the nature, character or amount of the debt;

ii.     Whether Defendants misrepresent the amount of the debts allegedly owed by including in its Debt Collection Complaints interest which has been waived and/or is not legally incurred, due or owed;

iii.    Whether Defendants collect debts through unfair or unconscionable means by requiring Class Members and Actual Damage Sub-Class Members to pay interest which is not earned and incurred, and thus not legally due pursuant to contract or law;

iv.     Whether Defendants systemically include interest not yet incurred or otherwise authorized by law in the debts collected from Plaintiffs, Class Members, and Actual Damage Sub-Class Members;

v.      Whether Defendants' asserted interest due in its debt collection complaints, like the Bowermaster and Balog Debt

14

Collection Complaints, exclusively under an implied Account Stated theory at the time such interest was asserted due and was attempted to be collected;

vi.      Whether Defendants used false, deceptive, or misleading means or representations in its collection of debts from Plaintiffs and Class Members by attempting to collect debts that originated from express written agreements exclusively under an implied Account Stated and Unjust Enrichment theories in violation of both Florida law and therefore the FDCPA;

vii.      Whether Plaintiffs and Class Members are entitled to statutory damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

viii.      Whether Plaintiffs and Actual Damage Sub-Class Members are entitled to actual damages, including but not limited to, incurring out-of-pocket expense as a result of defending, dealing with, or paying unlawful interest or their respective debts as a result of receiving Defendants' Debt Collection Complaints and, if so, in what amount; and

ix.      Whether Plaintiffs and Class Members are entitled to costs and reasonable attorneys' fees for litigating this case and, if so, in what amount.

63.      Defendants have acted, or refused to act, on grounds generally applicable to Class Members in that they have engaged in a routine and systematic course of

15

conduct consisting of their utilization of the Debt Collection Complaints, which are false, misleading and deceptive; attempt to collect debts through unfair or unconscionable means; and both falsely represent the amount of the Debt and attempt to collect an unauthorized amount.

64.    Plaintiffs' claims are typical of the claims of the proposed Class Members given the uniform nature and use of the Debt Collection Complaints and the common legal and factual issues of whether the drafting, filing and serving of the Debt Collection Complaints in an attempt to collect a debt through a Florida court violates the FDCPA.

65.    More specifically, the Debt Collection Complaints must be analyzed in part to assess whether Defendants falsely represented the total amount owed, and whether Defendants attempted to collect an unauthorized amount.

66.    Plaintiffs are members of the Class and the Actual Damage Sub-Class and are committed to prosecuting this action.  Plaintiffs have gathered and reviewed all relevant documents necessary for filing this case, and have and will continue to proactively participate in this class litigation, thoroughly reviewing documents, asking questions and following the counsel of their lawyers for the benefits of the Classes they seek to represent.  Plaintiffs will fairly and adequately protect the interests of Class Members.

67.    Adjudication of this case on a class-wide basis is manageable by this Court.  The Debt Collection Complaints were served on Plaintiffs and Class Members throughout the state of Florida and are easily ascertainable.

68.    The Debt Collection Complaints, and Plaintiffs and Class Members' rights as they relate to the Debt Collection Complaints, are the same or are so similar as to be

legally and factually indistinguishable in all material aspects.  As a result, it will not be difficult for the Court or jury to objectively determine whether Defendants have violated the FDCPA; whether Plaintiffs and Class Members are entitled to statutory damages, and in what amount, as a result of serving the Debt Collection Complaints; and whether Actual Damage Sub-Class Members have incurred out-of-pocket expense (i.e., attorneys' fees, costs, payment of debt, payment of unlawful interest, etc.), and in what amount, as a result of handling and/or defending Defendants' unlawful debt collection complaints. This Court is an appropriate forum for this dispute.

69.     Plaintiffs have retained as counsel attorneys who are competent and experienced in consumer, class action, and complex litigation.  More specifically, Plaintiffs retained a firm whose members have specific expertise in consumer law, having represented consumers in over seven hundred (700) unlawful debt collection cases as lead counsel, as co-lead counsel in excess of ten (10) consumer-based class actions, and as sole lead counsel in at least five (5) consumer-based class actions.  Plaintiffs' counsel has experience in certifying class actions at the trial court level, defending certified classes on appeal, and assisting class representatives with all aspect of class action litigation. Plaintiffs' counsel will fairly and adequately represent Plaintiffs and the interests of the Class Members.

70.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

> a.     given the size of the proposed Classes, individual joinder of each Class Member's and each Actual Damage Sub-Class Member's FDCPA claims is impracticable;

b.     given the relatively small damages suffered by individual Class Members, as well as the unlikelihood that many such Class Members will know their federal rights have been violated, most such Class Members will have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

c.     when Defendants' liability has been adjudicated, claims of all Class Members can be determined by the Court;

d.     this action will cause an orderly and expeditious administration of Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured;

e.     other available means of adjudicating the claims of Plaintiffs and Class Members—such as thousands of individual actions brought separately and pursued independently in courts throughout the state of Florida—is impracticable and inefficient;

f.     without a class action, Class Members will continue to suffer damages and the violations of law by Defendants will proceed without remedy while they continue their unlawful debt collection activities; and

g.     this action presents no material difficulties that would preclude management by the Court as a class action.

71.     In the case of any action, 15 United States Code, Section 1692k provides for the award of up to $1,000.00 statutory damages per named Plaintiff, as well as actual damages.

18

72.     In the case of a class action, 15 United States Code, Section 1692k provides such amount of statutory damages as the court may allow for all other Class Members, without regard to minimum individual recovery or actual damages, up to the lesser of $500,000 or 1 percent of each Defendants' net worth.

73.     Finally, 15 United States Code, Section 1692k provides for the award of reasonable attorneys' fees and costs, should Plaintiffs prevail in this matter.

### COUNT ONE:
### UNLAWFUL DEBT COLLECTION PRACTICES –
### VIOLATION OF 15 U.S.C., SECTION 1692e, e(2)(A) and e(10)

74.     Plaintiffs re-allege paragraphs one (1) through seventy-three (73), as if fully restated herein and further states as follows:

75.     Defendants are subject to, and have each violated the provisions of, 15 United States Code, Section 1692e, e(2)(A) and e(10) by using false, deceptive, or misleading means or representations in attempting to collect debts.

76.     Specifically, Defendants' Debt Collection Complaints, including the Bowermaster Debt Collection Complaint and Balog Debt Collection Complaint, falsely represent the total amount of Plaintiffs' and Class Members' respective Debts by including interest at the rate included in the account statements that was not lawfully incurred or earned, in an attempt to deceive and mislead Plaintiffs and Class Members into paying more than is actually owed on their respective Debts.

77.     The effect of including contractual or account-statement interest not lawfully incurred or earned in the total amount of the Debt was to increase the total amount allegedly due, and thereby increase the debt collected from Plaintiffs and Class Members.

78.     Furthermore, the Debt Collection Complaints make the false, deceptive, and misleading representation that Defendants may collect Debts through Florida courts that originated from an express agreement exclusively using implied Account Stated and Unjust Enrichment theories when they cannot lawfully and successfully do so.

79.     Overall, all of Defendants' above-referenced actions constitute the use of false, deceptive, or misleading representations or means in attempting to collect Debts from Plaintiffs and Class Members.

80.     As a direct and proximate result of Defendants' actions, Plaintiffs and Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.   In addition, Plaintiffs and Actual Damage Sub-Class Members have incurred actual damages, including but not limited to, attorneys' fees and costs incurred in defending unlawful Debt Collection Complaints.

**COUNT TWO:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692f, f(1)**

81.     Plaintiffs re-allege paragraphs one (1) through seventy-three (73), as if fully restated herein and further states as follows:

82.     Defendants are subject to, and have each violated the provisions of, 15 United States Code, Section 1692f and f(1) generally by collecting the Debts through unfair or unconscionable means and specifically by attempting to collect an amount (namely account-statement interest) not otherwise permitted by Florida law.

83.     To that end, Defendants intentionally included contractual or account-statement rate interest in the Debts purportedly owed by Plaintiffs and Class Members.

84.     The effect of including contractual or account-statement rate interest was to impermissibly increase the total amount of the Debts allegedly due, and thereby increase the Debts collected from Plaintiffs and Class Members.

85.     Defendants included such contractual or account-statement rate interest in the total amount of the Debts allegedly due from Plaintiff and Class Members within a Debt Collection Complaint under an implied Account Stated theory; in such Debt Collection Complaints, Defendants did not plead a breach of contract claim.

86.     Defendants are not entitled to assert as due in a Florida court contractual or account-statement rate interest—interest based on a express written agreement with the original creditor—for any period of time after charge-off of the underlying debt and pre-judgment, unless Defendants demonstrate that contractual interest has not been waived and they plead a breach of contract claim.

87.     The increase in the amount of Debts collected from Plaintiffs and Class Members as a result of attempting to collect such interest, as plead, was not authorized by contract or law.

88.     Further, via the Debt Collection Complaints, Defendants attempted to collect Debts from Plaintiffs and Class Members -- Debts based upon express, written agreements -- exclusively using an implied Account Stated theory and an Unjust Enrichment theory.

89.     Defendants, however, may never recover on an implied Account Stated theory when an express, agreement exists that defines the terms and conditions of the original creditors with that of the Plaintiffs.

21

90.    Similarly, Defendants may never recover under an equitable theory, such as Unjust Enrichment, when an express, written agreement exists that defines the terms and conditions of the original creditors with that of the Plaintiffs.

91.    As a direct and proximate result of Defendants' actions, Plaintiffs and Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.   In addition, Actual Damage Sub-Class Members have incurred actual damages, including but not limited to, attorneys' fees and costs in defending unlawful debt collection complaints, like the Bowermaster and Balog Debt Collection Complaints.

## COUNT THREE:
## NEGLIGENT MISREPRESENTATION

92.    Plaintiffs re-allege paragraphs one (1) through seventy-three (73), as if fully restated herein and further states as follows:

93.    At all times material, by virtue of the business relationships between the parties, Defendants owed a duty to the public and to all parties with whom they communicated to accurately and completely convey information in all matters, specifically about the total amount of Debts due, despite their own pecuniary interest at stake in their interactions with Plaintiffs and Class Members.

94.    Defendant FLG and Defendant APA, consisting of lawyer members of the Florida Bar, also have a duty under the Rules Regulating the Florida Bar, Rules 4-4.1 and 4-4.4, to refrain from making false or misleading statements of material fact or law to third persons, such as Plaintiffs and Class Members.

95.    Defendant FLG and Defendant APA breached their duties by making untrue, misleading and incorrect material statements in the Debt Collection Complaints.

96.     Given the source of the misinformation, and the manner in which it was delivered, Plaintiffs and Class Members were reasonably justified in relying on the information conveyed in the Debt Collection Complaints, and the apparent superior knowledge that Defendant FLG and Defendant APA would have regarding the amounts due under applicable law.

97.     As a result of these breaches of duty, Plaintiffs and Class Members have suffered pecuniary losses in the form of payment of amounts improperly and illegally requested, or having those amounts included in the Debt allegedly owed, as well as having incurred out-of-pocket expense in defending said improper Debt Collection Complaints.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' actions and conduct, Plaintiffs, Class Members and Actual Damage Sub-Class Members respectfully request relief and a judgment:

a.     Declaring that this lawsuit is properly maintainable as a class action, certifying Plaintiffs as representative of the Classes, an order certifying the Classes requested herein, and appointing undersigned counsel as class counsel for the Classes;

b.     Declaring that communications, such as the Debt Collection Complaints, violate the FDCPA;

c.     Declaring that the Defendant violated the FDCPA;

d.     Awarding maximum statutory damages allowed under the FDCPA to Plaintiffs and Class Members;

23

e.     Awarding actual damages under the FDCPA in an amount to be determined at trial to Plaintiffs and Actual Damage Sub-Class Members;

f.     Awarding actual damages for Defendants' negligent misrepresentation in an amount to be determined at trial;

g.     Awarding Plaintiffs and Class Members reasonable attorneys' fees and costs; and

h.     Granting such relief the Court may deem just and proper.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs and Class Members hereby gives notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

Plaintiffs and Class Members hereby demand a trial by jury on all issues triable by right.

Respectfully submitted,

LEAVENLAW

J. Andrew Meyer, Esq., FBN 0056766
Ian R. Leavengood, Esq., FBN 0010167
Gregory H. Lercher, Esq., FBN 0106991
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ameyer@leavenlaw.com
ileavengood@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiffs and Class Members*